UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| LINDA M. McCONNELL, ) | |
| ) | |
| Plaintiff, ) | No. 04 C 3705 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| JEAN IOVINO, BARBARA BOERSMA, ) | |
| CONNIE POWERS, ARMIN HAMIDI, ) | |
| CRAIG DANNENBRINK, and SARAH ENKE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Linda M. McConnell, filed suit against Defendants, Jean Iovino, Barbara Boersma, Connie Powers, Armin Hamidi, Craig Dannenbrink, and Sarah Enke. Count I alleges a violation of the Racketeer Influences and Corrupt Organizations Act (RICO), and Count II alleges that Defendants conspired to violate RICO. Presently pending before the Court is: (1) Plaintiff's Petition for Rule to Show Cause and Amended Petition for Rule to Show Cause, (2) Defendants' Motion to Quash, (3) Plaintiff's Motion to Deem Allegation Admitted for Failure to Answer, and (4) Plaintiff's Motion to Compel.

**Plaintiff's Amended Motion for a Rule to Show Cause and Defendants' Motion To Quash**

On March 22, 2005, Plaintiff served subpoenas duces tecum, via facsimile, on Lawrence Stein and third-parties Wayne Skwarek and Sylvan Learning Centers, Inc. Stein is counsel for the Defendants in this matter and Iovino Boersma Enterprises, Inc. ("IBE"), a defendant in a related case, 04 C 4628, also before this Court. Skwarek is counsel for Iovino, Boersma, and IBE in various other transactional capacities. Sylvan is IBE's franchisor. The next day, Plaintiff served notice of three subpoenas, via facsimile, on Stein and third-party Susannah Bennett, Esq., vice

president and general counsel for Sylvan. The subpoenas requested records related to "any actual, pending, proposed or contemplated sale of all or any of any significant part of the shares of IBE, or of the assets of IBE, or any other corporation or business owned in any part by Jean Iovino or Barbara Boersma . . . to Sylvan . . . ." The subpoenas were returnable on March 30, 2005, at 2:00 p.m.

On March 30, 2005, Plaintiff filed a Petition for Rule to Show Cause based on the respondents' failure to respond to the subpoenas. On March 31, 2005, Plaintiff filed and served by hand delivery, an Amended Petition for Rule to Show Cause[1] based upon the same failure of Respondents to respond to the subpoenas. That same day, the Defendants filed a Motion to Quash the subpoenas on multiple grounds.

Federal Rule of Civil Procedure 45 provides, in pertinent part, that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person" and that "[p]rior notice of any commanded production of documents and things . . . before trial shall be served on each party in the manner prescribed by Rule 5(b)." Fed. R. Civ. P. 45(b)(1). Delivery of a copy of the subpoena via facsimile or regular mail does not meet the requirements of Rule 45(b)(1). *See Firefighters) Institute for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (*Firefighters'*; *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 37 (D.D.C. 2004) (*Philip Morris*); *Reytblatt v. Illinois Institute of Tech.*, 1999 WL 181995 (N.D. Ill. March 24, 1999) (*Reytblatt*). Rule 5(b) provides for electronic facsimile but only if "consented to in writing by the person served." Fed. R. Civ. P. 5(b).

---

[1] In light of the Amended Petition for Rule to Show Cause, Plaintiff's Petition for Rule to Show Cause filed on March 30, 2005, is denied as moot.

2

In the instant case, Plaintiff improperly served the respondents via facsimile in violation of Rule 45(b)(1) and improperly provided notice to Defendants via facsimile because Defendants have not consented to such service in writing. Accordingly, Defendants' Motion to Quash is granted; and Plaintiff's Amended Petition for Rule to Show Cause is denied. *See Firefighters*, 220 F.3d at 903 (affirming quash of subpoenas because party did not properly provide notice, and delivery of subpoenas via facsimile and regular mail did not comport with 45(b)(1)); *Philip Morris*, 312 F. Supp. 2d at 37-38 (quashing subpoenas for failing to provide proper notice to party and failing to personally serve the subpoenas); *Reytblatt*, 1999 WL 181995 at 3 (adopting magistrate's finding that subpoenas should be quashed because Plaintiff failed to personally serve subpoenas).

### Plaintiff's Motion to Deem Allegation Admitted

Plaintiff seeks to have part of an allegation in her complaint, contained in paragraph 89, deemed admitted, contending Defendants failed to deny the allegation. The paragraph states, in relevant part:

> 89. The pattern of racketeering activity . . . included but was not limited to the following series of predicate acts of wire fraud . . . . Each wire transfer originated . . . and then went back to Plaintiff's bank in suburban Chicago, Illinois:
> a. A wire transfer to Linda's bank account on or about May 7, 1996, understated her bonus as $170.00, understated her profit sharing as $537.23, and overstated her medical insurance deduction as $500.00;
> b. A wire transfer to Linda's bank account . . . ;
> . . .
> ooo. A wire transfer to Linda's bank account on or about . . . . and overstated her medical insurance deduction as $600.18.

Plaintiff seeks to have admitted the second sentence in paragraph 89 – "Each wire transfer originated . . . and then went back to Plaintiff's bank in suburban Chicago, Illinois." However, the Defendants denied each and every subparagraph (a through ooo) contained in paragraph 89. Defendants did not have to specifically deny what is plainly part of a sentence which is completed by the subparagraphs that have all been denied.

## Plaintiff's Motion to Compel

Plaintiff seeks to have Defendants produce documents listed in Defendants' response to Plaintiff's request for Production of Documents, including the Defendants' income tax returns, and to compel the Defendants to schedule their depositions. Plaintiff recites multiple correspondence between the parties in an attempt to have the requested documents produced. Defendants have provided Plaintiff the opportunity to review seventeen boxes of documents. In light of time constraints and the number of documents, Plaintiff requested copies of the documents. The parties agreed that a copy service will make the copies. Defendants have asserted that Plaintiff will receive the requested discovery by June 16, 2005. Defendants are ordered to provide the requested documents within seven days of this order.

Plaintiff also seeks the income tax returns for all Defendants. Plaintiff argues that the income tax returns are relevant because they may show discrepancies in revenues, expenses, and profits the Defendants reported to employees as a basis of calculating the bonuses, commissions and profit sharing which employees were paid, which is relevant to Plaintiff's RICO claim.

Generally, tax returns are discoverable in civil suits where a litigant tenders an issue as to the amount of his income. *See Shaver v. Yacht Outward Bound*, 71 F.R.D. 561, 563 (N.D. Ill. 1976) (*Shaver*). Courts are cautious in ordering disclosure of tax returns unless they reasonably appear

relevant and material to the matters at issue. *See Shaver*, 71 F.R.D. at 564.

Here, the Defendant owners of IBE, Iovino and Boersma, may have reported revenues, expenses, and/or losses associated with IBE in their personal income tax returns that are reasonably relevant and material to Plaintiff's claims. However, Plaintiff has failed to demonstrate how the personal income tax returns of other employees who are also Defendants but who are not owners of IBE are relevant or material to her claims. Accordingly, Plaintiff's Motion to Compel as to the production of income tax returns of Iovino and Boersma is granted and denied as to the remaining Defendants.

Lastly, Plaintiff seeks to compel the deposition of Defendants prior to August 2005. However, at this time, a discovery schedule has not yet been established. Instead, multiple motions (a total of 38) have been filed and extensively briefed in both the instant case and its related case, 04 C 4628, some of which border on frivolous. Accordingly, Plaintiff's motion to compel depositions is premature and is denied.

For the reasons stated above, Plaintiff's Petition for Rule to Show Cause and Amended Petition for Rule to Show Cause are denied, Defendants' Motion to Quash is granted, Plaintiff's Motion to Deem Allegation Admitted for Failure to Answer is denied, and Plaintiff's Motion to Compel is granted in part and denied in part.

Furthermore, in light of the voluminous and contentious motion practice in this case and its related case (14 motions have been filed in 04 C 4628, and 24 motions have been filed in 04 C 3705), no future motions may be filed without leave of court. *See Long v. Steepro*, 213 F.3d 983, 988 (7th Cir. 2000) (district courts have considerable discretion to control their dockets).

Dated June 23, 2005

JOHN W. DARRAH
United States District Judge