UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA M. McCONNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 3705 |
| v. ) | |
| ) | Judge John W. Darrah |
| JEAN IOVINO, BARBARA BOERSMA, ) | |
| CONNIE POWERS, ARMENE HAMIDI, ) | |
| CRAIG DANNENBRINK, and SARAH ENKE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Linda M. McConnell, filed a two-count Amended Complaint, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). Count I alleges a violation of 18 U.S.C. § 1962(c) for underpayment of bonus and profit-sharing incomes and over-deduction of insurance premiums in McConnell's paychecks. Count II alleges conspiracy pursuant to 18 U.S.C. § 1962(d) against all Defendants for conspiring to conceal McConnell's intended termination. Presently before the Court is Defendants' Motion for Judgment on the Pleadings on Count II.

## BACKGROUND

A reading of McConnell's Amended Complaint supports the following summary of the alleged operative conduct of the parties.

In April of 1992, McConnell began working as Director of the Britannica Learning Center in Chicago Ridge, Illinois. In 1993, WIB, Inc. and Jean Iovino and Barbara Boersma acquired the Chicago Ridge Britannica Learning Center and merged that facility with the Evergreen Park Sylvan Learning Center owned by WIB, Inc. McConnell was named the Director of the Evergreen Park Sylvan Learning Center at the time of the merger. In 1994, Iovino Boersma Enterprises, Inc. ("IBE")

and Iovino and Boersma moved the Evergreen Park Center to larger quarters in Oak Lawn, Illinois. McConnell remained employed as Director of the Oak Lawn Center by IBE.

As Director of the Oak Lawn Center, McConnell achieved substantial success. During these ten years as Director, McConnell became entitled to bonuses, commissions, and profit-share arrangements based on the recorded revenues generated by the Oak Lawn Center less expenses of that facility. These recorded revenues were inaccurate, in that: they under-estimated the Oak Lawn Center's revenues, over-estimated the expenses of the Oak Lawn Center, and attributed other facilities' expenses to the Oak Lawn Center, thereby artificially decreasing the recorded revenues and reducing McConnell's bonus and profit-sharing incomes. In addition to decreasing McConnell's income, IBE over-deducted insurance premiums for health insurance from McConnell's paychecks that exceeded the amount actually charged by the insurer. All of McConnell's paychecks were deposited electronically by IBE.

On April 16, 2004, McConnell met with Defendant Iovino to discuss changes to a complicated new IBE bonus and profit-sharing plan. On April 19, 2004, Iovino, Boersma, and Connie Powers told Armene Hamidi, Craig Dannenbrink, and Sarah Enke (three other Defendants and former IBE employees) that they intended to terminate McConnell's employment as Director of IBE by April 30, 2004, to justify denying McConnell payment of the bonus and profit-sharing amounts McConnell had earned in January through March of 2004. Iovino, Boersma, and Powers enlisted a commitment of secrecy from Hamidi, Dannenbrink, and Enke to conceal McConnell's anticipated termination, their intent to defraud McConnell of her quarterly earnings, and the replacement of

McConnell with Hamidi as Director of the Oak Lawn Center. On April 23, 2004, Iovino and Powers terminated McConnell, effective immediately; and Hamidi was named Director of the Oak Lawn Center.

## LEGAL STANDARD

Rule 12(c) allows a party to move for judgment on the pleadings after the plaintiff has filed his complaint and the defendant has filed his answer. *N. Ind. Gun & Outdoors Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the court applies the same standard applicable to dismissals under Rule 12(b)(6) for failure to state a claim on which relief can be granted. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004); *Diamond Blad Warehouse, Inc. v. Paramount Diamond Tools, Inc.*, ___ F. Supp. 2d ___, ___, 2006 WL 495945 *1, *2 (N.D. Ill. 2006). The Court "accept[s] the facts alleged in the complaint in the light most favorable to the plaintiff[], the non-moving party." *Guise*, 377 F.3d at 798, *citing R.J. Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). The Court should grant a Rule 12(c) motion "only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Guise*, 377 F.3d at 798; *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718-19 (7th Cir. 2002).

## ANALYSIS

Count II alleges conspiracy to continue operating the Oak Lawn Center in violation of RICO, specifically, to continue defrauding McConnell of her entitled and actual bonuses, profit shares, and health insurance rates by concealing McConnell's termination. Defendants contend that Count II fails

3

because it does not allege an overt act of racketeering as a result of the conspiracy, as required for a § 1962(d) claim.[1] McConnell has not filed a Response to Defendants' motion. However, the Court still looks to the merits of the motion in its determination to grant or deny the motion. *See Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *LaSalle Bank v. Seguban*, 54 F.3d 387, 392 (7th Cir. 1995); *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993); *Diamond Blade Warehouse, Inc.*, ___ F. Supp. 2d at ___, 2006 WL 495945 at *2.

Section 1962(d) of RICO makes it illegal for a person "to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d); *Beck v. Prupis*, 529 U.S. 494, 500 (2000) (*Beck*). RICO's conspiracy provision requires an agreement to violate the substantive provisions of RICO. *See* 18 U.S.C. § 1962(d); *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 731 (7th Cir. 1998). Subsection (c) states that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c); *see Beck*, 529 U.S. at 500.

"[I]njury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO . . . is not sufficient to give rise to . . . a violation of § 1962(d)." *Beck*, 529 U.S. at 505. The plaintiff that brings a RICO conspiracy claim must allege injury from a tortious act, "meaning an act

---

[1] Defendants also argue that Count II fails to allege an agreement to commit at least two predicate acts, as required under 18 U.S.C. § 1962(d). However, the Court need not reach this argument. *But see Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 731-32 (7th Cir. 1998) (a defendant can be charged with conspiracy to violate RICO where he does not agree to commit two predicate acts: all that is required is that defendant *agree* to the objective of a RICO violation and that the RICO enterprise, via anyone, commit at least two predicate acts).

4

that is independently wrongful under RICO. The specific type of act that is analogous to an act of a tortious character may depend on the underlying substantive violation the defendant is alleged to have committed." *Beck*, 529 U.S. at 505-06. Termination of employment is not a racketeering activity. *Beck*, 529 U.S. at 505-06 (no provision of RICO makes it unlawful to terminate an employee).

McConnell has failed to allege a conspiracy claim as required by RICO. McConnell alleges that the Defendants conspired to allow IBE to continue operating in violation of RICO by concealing McConnell's anticipated termination. The only overt act alleged in Count II is that, on April 19, 2004, Defendants Iovino, Boersma, and Powers told Defendants Hamidi, Dannenbrink, and Enke that they intended to fire McConnell by April 30, 2004, and that all Defendants agreed to keep the anticipated termination a secret. As *Beck* made clear, termination of an employee in furtherance of a conspiracy to violate RICO is not independently wrongful under any substantive provision of RICO. *See Beck*, 529 U.S. at 505-06; 18 U.S.C. § 1962. Because the termination was not independently wrongful under RICO, an agreement among the Defendants to conceal McConnell's termination does not constitute a conspiracy to violate RICO. Because the alleged conspiracy does not implicate any underlying RICO violation, the allegations of Count II do not state a claim pursuant to 18 U.S.C. § 1962(d).

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings regarding Count II is granted.

Dated: 3-28-06

JOHN W. DARRAH
United States District Court Judge

5