UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA M. McCONNELL, | ) |
| | ) |
| Plaintiff, | ) No. 04 C 3705 |
| | ) |
| v. | ) Judge John W. Darrah |
| | ) |
| JEAN IOVINO, BARBARA BOERSMA, | ) |
| CONNIE POWERS, ARMIN HAMIDI, | ) |
| CRAIG DANNENBRINK, and SARAH ENKE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Linda M. McConnell, filed suit against Defendants, Jean Iovino, Barbara Boersma, Connie Powers, Armin Hamidi, Craig Dannenbrink, and Sarah Enke. Count I alleges violation of the Racketeer Influences and Corrupt Organizations Act (RICO), and Count II alleges that Defendants conspired to violate RICO. Before the Court is Defendants' Motion to Dismiss.

A reading of McConnell's Complaint supports the following summary of the alleged conduct of the parties.

Plaintiff became an employee of Iovino Boersma Enterprises ("IBE") in 1993. Plaintiff was Director of the Oak Lawn Sylvan Learning Center since its opening in 1994. The Oak Lawn Center is one of seven Sylvan Learning Center franchises owned and operated by IBE. IBE is owned by Defendants Jean Iovino and Barbara Boersma. The other named Defendants are employees of IBE.

IBE implemented a system of profit sharing to its Center Directors and Directors of Education based on the revenues and profits generated by each individual center for which the Directors were responsible. IBE directly deposited pay and the proceeds from profit sharing from

the American National Bank in Chicago into the accounts of their employees. IBE also deducted group insurance premiums from employees' pay directly from their employees' respective bank accounts. Plaintiff alleges that although the transmissions started and ended in Illinois, the wire transmissions were conducted through interstate commerce because the transmissions were processed through Bank One's automated clearinghouse operation in Michigan and the Federal Reserve Bank's automated clearinghouse in Georgia before going into Plaintiff's bank account.

Plaintiff alleges that Defendants conducted their business through a pattern of racketeering activity by retaining overcharges of insurance premiums from employees' pay and underpaying bonuses and profit sharing to Center Directors and Directors of Education. Plaintiff cites a series of forty-seven monthly wire transfers, each stating amounts of bonus, commission, profit sharing, and insurance deductions. Plaintiff alleges that the amounts of bonuses, commissions, and profit sharing were understated, while her insurance deductions were overstated.

Plaintiff's employment as Director of the Oak Lawn Sylvan Learning Center was terminated on April 23, 2004. Iovino, Boersma, and Powers notified Hamidi, Dannenbrink and Enke of their intention to fire Plaintiff; and Hamidi, Dannenbrink and Enke made arrangements to have Hamidi replace Plaintiff as Director of the Oak Lawn Center without notifying Plaintiff of their actions or of IBE's intention to terminate Plaintiff's employment. Due to the termination of Plaintiff's employment prior to April 30, 2004, Plaintiff was not entitled to receive profit sharing amounts for January, February, and March of 2004.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to

plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint that would make out a claim." *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

However, the liberal standard of pleading is modified for fraud cases pursuant to Fed. R. Civ. P. 9. To assert a claim for fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." FRCP 9(b). To state a cause of action under RICO, plaintiffs must allege with particularity (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 249 (7th Cir. 1995); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F. Supp. 1499, 1516 (N. D. Ill. 1990)(*Davis*). "[T]o prove a pattern of racketeering activity, a plaintiff . . . must show that the racketeering predicates are related and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). A "pattern" is defined as "at least two acts of racketeering . . . the last of which occurred within ten years [of the first]." 15 U.S.C. § 1961(5).

3

The definition of "racketeering" provided in the statute includes a number of state and federal offenses, among which are wire and mail fraud. 18 U.S.C. §1961(1). Plaintiff's Complaint is premised on the racketeering activity of federal wire fraud. Claims based on acts of mail and wire fraud "must do more than outline a scheme or make loose references to mailings and telephone calls; rather, the plaintiff must be careful to allege such particulars as who initiated the communication, when the communication took place, the contents of the communication, and how the communication furthered the scheme to defraud." *Davis*, 757 F. Supp. at 1516, citing *Landon v. GTE Comm. Serv., Inc.*, 696 F. Supp. 1213, 1218 (N. D. Ill. 1988) (*Landon*). "Without an adequate description of the predicate acts of mail and wire fraud, a complaint does not provide . . . sufficient information to determine whether or not a pattern of racketeering activity has been established." *Davis*, 757 F. Supp. at 1516.

In order for Plaintiff to sufficiently plead a case for wire fraud, plaintiff must allege the "who, what, where, when and how" of the wire transfers. *Shapo v. O'Shaughnessy*, 246 F. Supp. 2d 935, 955 (N.D. Ill. 2002). In this case, Plaintiff alleges who (IBE), what (misstated the amounts of bonuses and insurance deductions ), where (from a Chicago bank to an suburban Chicago bank), when (on various dates from 1996 to 2004) and how (through bank transfers).

Further, in order to state a claim for federal wire fraud, Plaintiff must allege that the money was "transmitted by means of wire . . . in interstate or foreign commerce." 18 U.S.C. §1343. In this case, the wire transfers started and ended in Illinois. However, the Plaintiff alleges that in order to get from American National Bank in Chicago to her bank in suburban Chicago, the money was transported out of Illinois to Michigan and Georgia before coming back to Illinois. Accordingly, Plaintiff has sufficiently pled the money was transmitted in interstate commerce.

4

A pattern of racketeering activity has also been sufficiently pled. Plaintiff seeks to establish a pattern of racketeering by citing a series of bank transfers occurring over the course of her employment with IBE. In order to establish a pattern of racketeering activity, plaintiff must assert at least two racketeering acts against at least two victims. *See Lipin Enterprises v. Lee*, 803 F.2d 322, 324 (7th Cir. 1986). A case will be dismissed for failure to state a claim upon which relief can be granted if there is only one racketeering activity against one victim. *See Lipin*, 803 F.2d at 324. However, in the present case, Plaintiff cites forty-seven separate occurrences of alleged racketeering activity directed at her. Plaintiff also alleges that the understatements and overstatements were made to the Center Directors and Directors of Education at each of the seven Sylvan Centers operated by IBE. Thus, there are as many as fourteen individuals who have sustained injuries due to the racketeering activity.

For the reasons stated above, Defendants' Motion to Dismiss is denied.

Dated: 2-23-05

JOHN W. DARRAH
United States District Judge